**Robert R. TEBBENHOFF,**
**Plaintiff–Appellant,**

v.

**ELECTRONIC DATA SYS. CORP., EDS**
**E. Solutions, and Raymond CAPUA-**
**NO, Defendants–Appellees.**

**No. 06–2745–cv.**

United States Court of Appeals,
Second Circuit.

June 19, 2007.

Perry Heidecker, Milman & Heidecker, Lake Success, NY, for Plaintiff–Appellant.

Stephen C. Sutton, Baker Hostetler LLP, Cleveland, OH, for Defendant–Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

Plaintiff Robert Tebbenhoff appeals the district court's grant of summary judgment in favor of defendants Electronic Data Systems Corporation (EDS), EDS E.Solutions, and Raymond Capuano, against his claims of disability discrimination, in violation of New York State and City human rights laws, *see* N.Y. Exec. Law. § 290 *et seq.;* and N.Y.C. Admin Code § 8–101, *et seq.,* and intentional infliction of emotional distress. *Tebbenhoff v. Elec. Data Sys. Corp. et al.,* No. 02–CV–2932, 2005 WL 3182952 (S.D.N.Y. Nov. 29, 2005). We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal.

We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the plaintiff. *Capobianco v. City of New York,* 422 F.3d 47, 54–55 (2d Cir.2005). A three-part burden-shifting test, applied by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), governs discriminatory termination claims under the New York State and City human rights laws. *See Dawson v. Bumble & Bumble,*

398 F.3d 211, 216–17 (2d Cir.2005). Under this analysis, if plaintiff establishes a *prima facie* case of discriminatory termination, the burden then shifts to the employer to offer a legitimate, nondiscriminatory reason for the plaintiff's termination. If the employer sustains this burden, the onus is on the plaintiff to show that the proffered reason is mere pretext for actual discrimination. *See generally Weinstock v. Columbia Univ.,* 224 F.3d 33, 42 (2d Cir.2000).

█ Viewing the record in the light most favorable to the plaintiff, we will assume that plaintiff has made the "minimal" showing necessary to establish a *prima facie* case. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). In reply, defendants have proffered a nondiscriminatory justification for Tebbenhoff's discharge, namely, employee insubordination. Even if, construing the record in the light most favorable to plaintiff, we were to conclude that a jury could find the justification to be pretextual, it would still be up to plaintiff to "satisfy the ultimate burden of showing intentional discrimination." *Fisher v. Vassar College,* 114 F.3d 1332, 1339 (2d Cir. 1997) (en banc); *see James v. New York Racing Ass'n,* 233 F.3d 149, 156–57 (2d Cir.2000) (concluding that a "prima facie case, coupled with evidence of falsity of the employer's explanation, may or may not be sufficient to sustain a finding of discrimination," and a plaintiff has sustained his or her burden of proof only if the evidence "reasonably supports an inference of . . . discrimination"). The only evidence in the record that might constitute some showing of intentional discrimination is a supervisor's alleged comment that it was "an inopportune time for [Tebbenhoff] to get sick." Under the circumstances of this case, this comment does not suffice to raise a jury question. *See Fisher,* 114 F.3d at 1339.

█ We also find unavailing plaintiff's claim of intentional infliction of emotional distress. Applying the New York Court of Appeals's construction of this state law claim, we have found that the conduct must be "so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Stuto v. Fleishman,* 164 F.3d 820, 827 (2d Cir.1999) (quoting *Howell v. New York Post Co.,* 81 N.Y.2d 115, 122, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993); *see also Conboy v. AT&T Universal Card Servs. Corp.,* 241 F.3d 242, 258 (2d Cir.2001)). While Tebbenhoff alleges some troubling actions taken by defendants upon his discharge and the regularity of such practices as company policy surely does not suffice to justify them, in the end plaintiff's showing does not meet New York State's "rigorous, and difficult to satisfy" standard for extreme and outrageous conduct. *Conboy,* 241 F.3d at 258 (quoting *Howell,* 81 N.Y.2d at 122, 596 N.Y.S.2d 350, 612 N.E.2d 699).

We have reviewed all of Tebbenhoff's arguments and find them to be without merit. The judgment of the district court is therefore **AFFIRMED.**